**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000332
10-MAR-2026
07:57 AM
Dkt. 59 SO**

NO. CAAP-24-0000332

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KARELY JANISE ROBLES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-23-0003480)

## SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Karely Janise Robles (**Robles**) appeals from the District Court of the First Circuit's (**district court**) April 3, 2024 "Notice of Entry of Judgment and/or Order" (**Judgment**).[1]

On November 6, 2023, the Plaintiff-Appellee State of Hawai'i (**State**) charged Robles by Complaint with four counts of Assault in the Third Degree, in violation of Hawaii Revised

---

[1] The Honorable Kristine Y. Yoo presided.

Statutes (**HRS**) § 707-712(1)(a) (2014).  Following a jury-waived trial, the district court found Robles guilty of the misdemeanor offense of Assault in the Third Degree on Count 3.  The district court found Robles guilty of the petty misdemeanor offense of Assault in the Third Degree, as mitigated by the defense of mutual affray, on Counts 1, 2, and 4.

On appeal, Robles raises a single point of error, contending that the district court "committed clear error in finding Todd [Brewer (**Todd**)] and Missy [Brewer (**Missy**)] to be credible [witnesses] and [in] relying on that finding to convict [Robles] of Assault in the Third Degree in Count 3, and Mutual Affray in Counts 1, 2, and 4."[2]  (Formatting altered.)

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Robles' contention of error as follows.

Robles contends that the circuit court's "finding that Missy and Todd were credible was inconsistent with its finding that [Robles] was guilty of Mutual Affray rather than Assault in the Third Degree."  Under Robles' theory, "[i]f Missy and Todd were credible in describing [Robles] as the sole aggressor, their testimony would logically support a finding of Assault in

---

[2]    "Mutual affray is a mitigating defense to Assault in the Third Degree, reducing the offense from a misdemeanor to a petty misdemeanor." State v. Henley, 136 Hawaiʻi 471, 479, 363 P.3d 319, 327 (2015) (cleaned up).

the Third Degree, not Mutual Affray." Assessment of the credibility of witnesses "is not within the province of an appellate court, but a function of the fact finder at trial." State v. Kikuta, 125 Hawaiʻi 78, 89, 253 P.3d 639, 650 (2011).

Missy testified as follows. On November 2, 2023, Missy, Todd, and their son, CB, were "hanging out" in the ground floor common area of their apartment complex when "an argument started" with Robles. Robles was a second floor resident of the apartment complex. Following the argument, Robles left the common area. Shortly after, Robles, while standing on the second floor above them, "sprayed something" on CB and Todd that smelled like "bleach." In response, Missy went to the second floor "to find out what [Robles] had just sprayed on [CB]." Robles then "grabbed [Missy's] hair," pulling Missy into Robles' apartment, and Robles and Missy "got into a physical fight." Todd and CB "came up to get [Missy]," and, "at some point," they were joined by Missy and Todd's other son, OB. Robles sprayed Missy, Todd, and OB with mace. Missy testified that she felt "[s]evere burning and pain and fear" when sprayed, and that she lost her vision for about an hour or an hour and a half. Following the incident, Missy helped her family, including CB who "had gotten into the shower."

Todd testified as follows. Todd was in the common area with his family; Robles was also there. Todd asked Robles

to leave because Robles "got a little loud." Robles left, but a few minutes later, Robles sprayed CB from the second floor with something that "started to burn." Todd was not "hit" initially with "the stream coming down by [Missy, CB, and Todd]." Missy went upstairs. Todd followed, and he saw Robles "trying to spray" Missy, and "grab [Missy] by her hair and pull her into [Robles'] apartment." Todd "hollered for [his] son[s]," and Todd and his sons "pulled [Robles and Missy] apart." As soon as Robles and Missy were separated, Robles "started spraying all of [them]." Todd experienced "extreme pain" and temporary loss of vision. Missy helped their "son because he had been sprayed so bad."

Considering the record evidence in the strongest light for the prosecution, we conclude there was sufficient evidence to support the district court's finding that Robles committed misdemeanor Assault in the Third Degree against CB (Count 3), and petty misdemeanor Assault in the Third Degree, as mitigated by the defense of mutual affray, against Missy, Todd, and OB (Counts 1, 2, and 4). See State v. Yuen, 154 Hawai'i 434, 444, 555 P.3d 121, 131 (2024) ("Evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction[.]" (cleaned up)). To the extent Robles contends that Missy and Todd's testimonies were

4

"inconsisten[t]," we, as an appellate court, "will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence." State v. Mitchell, 94 Hawai'i 388, 393, 15 P.3d 314, 319 (2000) (citations omitted).

We therefore affirm the Judgment.

DATED: Honolulu, Hawai'i, March 10, 2026.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuty Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge